NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 12 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LOS PADRES FORESTWATCH; et al.,<br><br>   Plaintiffs-Appellants,<br><br> and<br><br>CITY OF OJAI; COUNTY OF VENTURA,<br><br>   Plaintiffs,<br><br> v.<br><br>UNITED STATES FOREST SERVICE; et al.,<br><br>   Defendants-Appellees. | No. 23-55801<br><br>D.C. Nos.<br>2:22-cv-02781-JFW-SK<br>2:22-cv-02800-JFW-SK<br>2:22-cv-02802-JFW-SK<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted October 21, 2024
San Francisco, California

Before:  GILMAN,** WARDLAW, and COLLINS, Circuit Judges.

---

  *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **   The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Plaintiffs Los Padres ForestWatch, Keep Sespe Wild Committee, Earth Island Institute, American Alpine Club, Center for Biological Diversity, Patagonia Works, and California Chaparral Institute (collectively, Plaintiffs) appeal from the district court's grant of summary judgment in favor of the United States Forest Service, approving the Forest Service's Reyes Peak Forest Health and Fuels Reduction Project (the Project). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. A project proposed by the Forest Service may qualify for a categorical exclusion from environmental review only if there are no extraordinary circumstances related to the project. 36 C.F.R. § 220.6(a). Plaintiffs do not contest that the Project generally meets the conditions for the categorical exclusion contained in 36 C.F.R. § 220.6(e)(6), commonly referred to as CE-6, but argue that three resource conditions exist that preclude the Forest Service from relying on CE-6. Specifically, Plaintiffs argue that the Forest Service did not properly evaluate the Project's potential impact on religious or cultural sites, the removal of large trees in the Sespe-Frazier Inventoried Roadless Area, and the existence of potential wilderness. But the agency properly analyzed each of these resource conditions as required by 36 C.F.R. § 220.6(b), so the Forest Service's determination that there are no extraordinary circumstances that preclude it from relying on CE-

2

6 was not arbitrary or capricious.

2.  Regarding potential impact on Native American religious or cultural sites, the Forest Service consulted with both federally recognized and non-federally recognized tribes and incorporated recommendations from its Cultural Resources Report in the Project's design.  These recommendations included maintaining a twenty-meter buffer for any cultural sites found and limiting activity to hand-thinning within them.  Plaintiffs contend that the record is replete with evidence of religious or cultural sites, but they did not identify any specific ones that the Forest Service failed to consider.  Further, to the extent that Reyes Peak itself is a religious or cultural site, Plaintiffs do not identify any potential negative impact on that site.  *See* 36 C.F.R. § 220.6(b)(2).  In fact, the Forest Service determined that the Project will likely have a positive impact on Reyes Peak's long-term sustainability as a cultural resource by slowing the spread of a wildland fire and reducing the potential for the loss of life, property, and natural resources.

3.  Plaintiffs next assert that that the Project would allow the logging of large trees in the Sespe-Frazier Inventoried Roadless Area.  But the Project in fact allows the logging of only small-diameter trees and provides for the retention of trees 24 inches diameter at breast height (DBH) and larger "unless removal is needed for safety reasons or dwarf mistletoe infestations."

As the agency's Decision Memo repeatedly confirms, any logging of large trees will not affect the Roadless Area because there are no plans to log large trees, and any removal of large trees will be "incidental." The Forest Service also conducted an analysis of the Project's impact on the Inventoried Roadless Area, and it found no adverse effect.

4. Plaintiffs' final resource-condition argument—that the Forest Service erred in finding that there was no potential wilderness in the Project area—is similarly unpersuasive. Although Plaintiffs note that there had been recently pending bills in Congress that could affect part of the Project area, they cite no authority that would require the Forest Service to evaluate an area as a potential wilderness for such a reason. And evidence in the record demonstrates that the Forest Service evaluated whether this area should be recommended as a wilderness area at least twice and did not so recommend. Moreover, the Forest Service studied the Sespe-Frazier Inventoried Roadless Area, which roughly overlaps with what Plaintiffs argue is potential wilderness, and it found no adverse impact by the Project. The Forest Service's conclusions pertaining to these resource conditions do not run "counter to the evidence before the agency." *See Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

5. We also conclude that the Forest Service reasonably determined

4

that logging trees up to 24 inches DBH within the Sespe-Frazier Inventoried Roadless Area complies with the 2001 Roadless Areas Conservation Rule (Roadless Rule). The Roadless Rule allows "[t]he cutting, sale, or removal of generally small diameter timber" that is needed to "reduce the risk of uncharacteristic wildfire effects." 36 C.F.R. § 294.13(b)(1)(ii) (2001). (Because the 2001 version of the Roadless Rule is at issue in this case, *see Los Padres ForestWatch v. United States Forest Serv.*, 25 F.4th 649, 655 n.7 (9th Cir. 2022), we cite the 2001 version of the Code of Federal Regulations).

Plaintiffs contend that the Project violates the Roadless Rule by failing to limit the removal of timber to "generally small diameter timber." The Roadless Rule, however, does not specify how a project should define what constitutes "generally small diameter timber" and, for the same reasons discussed above, the Project generally does not allow for the logging of trees above 24 inches DBH. Further, the Forest Service's determination that trees of less than 24 inches DBH are generally small diameter for the purposes of this Project closely mirrors the determination affirmed earlier this year in *Los Padres ForestWatch v. United States Forest Serv.*, No. 23-55054, 2024 WL 885130, at *1 (9th Cir. Mar. 1, 2024), and is similarly persuasive here.

6. Because we conclude that the Forest Service was entitled to rely on CE-6, we need not discuss the merits of the Forest Service's decision to also

5

rely on the categorical exclusions contained in the Healthy Forests

Restoration Act as they might apply to the bulk of the Project area.

**AFFIRMED.**